**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARRIAGE HOUSE** | : | **CIVIL ACTION** |
| **CONDOMINIUMS GP, INC.** | : | |
| | : | **NO. 07-2120** |
| **v.** | : | |
| | : | |
| **JEANNE T. DERAIMO** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                    **January  22,  2008**

        Plaintiff Carriage House Condominiums G.P., Inc. ("Plaintiff") brought this action

against Jeanne T. DeRaimo and Gina-Marie DeRaimo ("the DeRaimos"),[1] alleging breach of an

agreement of sale between the parties for a condominium unit and parking space in Philadelphia,

Pennsylvania.  On July 31, 2007, Plaintiff voluntarily dismissed Gina-Marie DeRaimo as a

defendant.  Now before the Court is Defendant Jeanne T. DeRaimo's Motion to Dismiss

pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join a indispensable party

under Federal Rule of Civil Procedure 19 (the "Motion").  For the reasons that follow, the

Motion will be denied.

**I.        BACKGROUND**

        Accepting as true the allegations of the Complaint, the pertinent facts are as follows:  On

December 23, 2004, the DeRaimos entered into an Agreement of Sale (the "Agreement") with

Plaintiff for the purchase of Unit 5L in 23 A Condominium located at 23 South 23rd Street.

Compl. ¶¶ 1, 7.  At the time the Agreement was signed, construction of the condominiums was

_____

        [1] Jeanne T. DeRaimo is the mother of Gina-Marie DeRaimo.

incomplete.[2]  Id. ¶ 9.  The DeRaimos subsequently refused to complete the sale of Unit 5L on the grounds that the height of the ceilings materially varied from the height specified in the Agreement.  Id. ¶ 14.  On May 24, 2007, Carriage House filed the instant action alleging that the DeRaimos' refusal to complete the sale constituted a repudiation and breach of the Agreement. Id. ¶¶ 17, 18.

On June 1, 2007, the DeRaimos moved to dismiss for lack of subject matter jurisdiction, arguing that complete diversity of citizenship between the parties did not exist.  At Plaintiff's request, the Court allowed limited discovery on the issue of Gina-Marie DeRaimo's citizenship. After conducting the limited discovery, Plaintiff filed a notice of voluntary dismissal of Gina-Marie DeRaimo.  Defendant Jeanne T. DeRaimo ("Defendant") then filed the instant Motion, arguing that Gina-Marie DeRaimo is an indispensable party.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(7), the Court may dismiss an action for failure to join an indispensable party.  Federal Rule of Civil Procedure 19 requires a bifurcated analysis.  See Core Constr. & Remediation, Inc. v. Vill. of Spring Valley, 2007 WL 2844870, at *3 (E.D. Pa. Sept. 27, 2007) (citing Koppers Co. v. The Aetna Cas. and Sur. Co., 158 F.3d 170, 175 (3d Cir. 1998)).  The first step requires the Court to determine whether an absent party is "necessary" to the dispute under Rule 19(a).  See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir. 1993).[3]  If the absent party is a "necessary" party but

_____

[2]      The DeRaimos entered into a separate agreement with Plaintiff to purchase Unit 6L at 23 A Condominium, see id. ¶ 7; that transaction is not at issue in this case.

[3]      The burden is on the moving party to demonstrate why the absent party should be joined.  See Core Constr., 2007 WL 2844870, at *7 (citation omitted).

joinder is not feasible because it would destroy diversity, then the Court must decide under the second step of the analysis whether the absent party is "indispensable" under Rule 19(b).  See id. at 404, 405 ("[A] holding that joinder is compulsory under Rule 19(a) is a necessary predicate to a district court's determination under Rule 19(b) that the case must be dismissed because joinder of the party is not feasible and the party is indispensable to the just resolution of the controversy.").

### III.   ANALYSIS

Defendant argues that dismissal is required because the DeRaimos contracted for "an equal and indivisible interest" in Unit 5L at 23 A Condominium.   Therefore, Gina-Marie DeRaimo is an indispensable party under Rule 19, and her presence is required for a just adjudication.  See Motion at 8.  Plaintiff counters that the DeRaimos are jointly and severally liable on the Agreement, and therefore, dismissal is not required because complete relief is possible even in the absence of Gina-Marie DeRaimo.  See Opposition at 1.

### A.   "Necessary" Party

"Rule 19(a) defines parties who are 'necessary' in the sense that their joinder is compulsory 'if feasible.'"  Janney, 11 F.3d at 404.  Specifically, the rule provides that:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a) (emphasis added).  "Clauses (1) and (2) of Rule 19(a) are phrased in the disjunctive and should be so treated."  Janney, 11 F.3d at 405 (citations omitted).

### 1.      Rule 19(a)(1)

The Court's inquiry under Rule 19(a)(1) is limited to whether complete relief can be granted to persons already parties to the action – the impact on an absent party is immaterial under this subsection.  Id. at 405.  In Janney, the Third Circuit considered whether a court could grant complete relief in a breach of contract action when, as here, only one of two co-obligors has been joined as a defendant.  See id. at 403.  The Court noted that the answer to this inquiry depends on "the law of contracts concerning the joint and several liability of persons who are co-promisors or co-obligors on one agreement."  Id. at 404.  If "the Agreement in question can be construed or interpreted as a contract imposing joint and several liability on its co-obligors ... complete relief may be granted in a suit against only one of them."  Id. at 406.  Thus, if Defendant and Gina-Marie DeRaimo are jointly and severally liable, Gina-Marie DeRaimo is not a "necessary" party under subsection (a)(1).

"In Pennsylvania, whether liability on a contract is joint or joint and several seems to be treated as a question of construction or interpretation, not as a rule of law."  See id. at 405.  The common law presumption traditionally was that promises made by two or more parties are joint rather than joint and several absent an apparent intention to the contrary.  See, e.g., Levin v. Fidelity-Phila. Trust Co., 358 Pa. 124, 128 (Pa. 1948); Morrison v. Am. Sur. Co., 224 Pa. 41, 43 (Pa. 1909).  However, as the Third Circuit noted in Janney, currently there is "a strong trend in favor of [the] principle that co-signers or co-obligors on a contract are jointly *and severally* liable for its performance."  Janney, 11 F.3d at 405 (emphasis added) (citing 2 Samuel Williston,

Williston on Contracts, §§ 320, 336, at 649-647, 697-706 (3d ed. 1959); Restatement (Second) of Contracts § 289, at 410-11 (1981)).  Moreover, in interpreting contracts, courts often find the requisite intent to create joint and several liability where a promise signed by two persons is worded in the singular.  See, e.g., Morrison, 224 Pa. at 43 ("We have held that an agreement for the payment of money or performance of some other act expressed in the singular number, but signed by two or more persons, is a joint and several contract."); First Nat'l Bank. of Plymouth v. Jones' Estate, 334 Pa. 577, 581 n.1 (Pa. 1939) ("Where a promise in a written contract is expressed in the first person singular, but the contract is signed by several persons, they are jointly and severally bound in the absence of express words in the instrument to the contrary." (quoting Restatement (First) of the Law of Contracts § 115)[4]); Battery Associates, Inc. v. J&B Battery Supply, Inc., 944 F. Supp. 171, 179 (E.D.N.Y. 1996) (finding the "requisite intent" to create joint and several liability where the contract at issue referred to the individual defendants in the singular using terms such as "the undersigned," "himself," and "his").

In the instant case, Jeanne T. DeRaimo and Gina-Marie DeRaimo each signed the Agreement.  See Compl. at Exh. A.  However, throughout the Agreement they are referred to in the singular using the term "Buyer."  See id.  Therefore, the Court concludes that the Agreement manifests the intent to create joint and several liability on the part of the DeRaimos.  Accordingly, complete relief may be granted between Plaintiff and Defendant without Gina-Marie DeRaimo's presence, and she is not a "necessary" party under subsection (a)(1).  See Janney, 11 F.3d at 406; see also Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 314

---

[4]        The Restatement (Second) of Contracts still adopts this view.  See Restatement (Second) of Contracts §289 cmt. c ("[A] promise in the first person singular, signed by several persons, creates joint and several duties.").

(3d Cir. 2007).

## 2.      Rule 19(a)(2)

Unlike subsection (a)(1), subsection (a)(2) of Rule 19 requires the Court to consider the impact that resolution of the case may have on the absent party.  See Gen. Refractories, 500 F.3d at 316.  Under Rule 19(a)(2)(i), the Court must determine whether disposition of the action without an absent party would result in "some outcome … that is reasonably likely [to] preclude the absent party with respect to an issue material to the absent party's rights or duties under standard principles governing the effect of prior judgments."  Janney, 11 F.3d at 409.[5]  In Janney, the Third Circuit considered the potential preclusive impact on an absent co-obligor to a joint and several contract and rejected the argument that "the mere possibility" that the district court's decision would be a "persuasive precedent" in a subsequent action against the absent co-obligor was sufficient to constitute prejudice under subsection (a)(2)(i).[6]  Id. at 411; see also Temple Univ. Hosp. v. Group Health, Inc., 413 F. Supp. 2d 420, 426 (E.D. Pa. 2005) ("The Court of Appeals in Janney specifically noted that joinder of a co-obligor is not a requirement of Rule

---

[5]      A party may be precluded from relitigating an issue in Pennsylvania if: (1) the issue decided in the earlier case was identical to the issue presented in the later one; (2) there was a final judgment on the merits in the earlier case; (3) the party against whom the preclusion is asserted was a party or in privity with a party to the earlier case; and (4) the party against whom preclusion is asserted had a full and fair opportunity to litigate the issue in question in the earlier case.  Janney, 11 F.3d at 409 n.12 (citations omitted).  The Third Circuit has stated that courts engaging in Rule 19 analysis should not "theorize" as to whether an absent party is in privity with a party to an action because such an analysis would be premature, and, given the factual nature of a privity analysis, is best left for determination in a subsequent lawsuit if the need arises.  Id. at 410.

[6]      In reaching this conclusion, the Third Circuit quoted the United States Supreme Court:  "The absent joint obligors are not injured, because *their rights are in no sense affected*, and they remain liable to contribution to their co-obligor who may pay the judgment by suit, as they would have been had he paid it without suit."  Janney, 11 F.3d at 410 (quoting Barney v. Baltimore City, 73 U.S. 280, 287 (1867) (emphasis in original)).

19(a)(2)(i)." (citation omitted)).  Accordingly, since Gina-Marie DeRaimo's rights as co-obligor would not be prejudiced by this lawsuit, she is not a "necessary" party under subsection (a)(2)(i).

Finally, subsection (a)(2)(ii) requires the Court to consider whether continuation of the action without the absent party would expose the parties to the "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."  Fed. R. Civ. P. 19(a)(2)(ii).  The Third Circuit has found that the concept of "double liability" does not include a situation such as this where if a defendant loses, she may, or is likely to, seek recovery or indemnification from the absent co-obligor.  Janney, 11 F.3d at 411.  Specifically, the Court has noted that "[i]nherent in the concept of joint and several liability is the right of a plaintiff to satisfy its whole judgment by execution against any one of the multiple defendants who are liable to him, thereby forcing the debtor who has paid the whole debt to protect itself by an action for contribution against the other joint obligors."  Id. at 412; Gen. Refractories, 500 F.3d at 319 ("Janney ... makes clear that the possibility defendants may have to shoulder the entire loss if found liable is a necessary consequence of joint and several liability.").  In this case, an outcome adverse to Defendant would not have any legal impact on whatever right of contribution or indemnification she may have against her daughter.  Therefore, since the continuation of this case in Gina-Marie DeRaimo's absence would not subject Defendant to double or inconsistent liability, Gina-Marie DeRaimo is not a "necessary" party under subsection (a)(2)(ii).

### B.    Indispensable Party

If a court concludes that a defendant is not "necessary," it cannot find that she is indispensable under Rule 19(b).  Freedom Props., L.P. v. Lansdale Warehouse Co., 2007 WL

1683850, at *5 (E.D. Pa. June 7, 2007).  Since the Court concludes that Gina DeRaimo is not a "necessary" party, it follows that she is not indispensable.  Accordingly, dismissal of this action under Rule 12(b)(7) would not be appropriate.

## IV.   CONCLUSION

For the foregoing reasons, the Court will deny the Motion.  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARRIAGE HOUSE** | : | **CIVIL ACTION** |
| **CONDOMINIUMS GP, INC.** | : | |
| | : | **NO. 07-2120** |
| **v.** | : | |
| | : | |
| **JEANNE T. DERAIMO** | : | |

## <u>ORDER</u>

    **AND NOW**, this   22nd   day of January, 2008, upon consideration of Defendant

Jeanne T. DeRaimo's Motion to Dismiss (docket no. 10) and Plaintiff's Opposition thereto

(docket no. 11), it is **ORDERED** that the Motion is **DENIED**.

                                                **BY THE COURT:**

                                       **/s/ Bruce W. Kauffman**
                                       **BRUCE W. KAUFFMAN, J.**